UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BROADCAST MUSIC, INC., ET AL.         CIVIL ACTION

VERSUS

COCO BONGO INC., ET AL.                NO.: 19-00106-BAJ-EWD

## JUDGMENT

Before the Court is Plaintiffs' **Motion for Default Judgment (Doc. 16)**. Oral argument is not required. For the following reasons, Plaintiffs' Motion is **GRANTED**.

I. BACKGROUND

Plaintiffs[1] are a "performing rights society" that licenses the right to perform approximately 14 million copyrighted musical compositions on behalf of the copyright owners. (Doc. 16-1 at pp. 1-2). Plaintiffs claim that Defendants[2] failed to obtain licenses for the music used for live and recorded performances after numerous requests to do so. (*Id.* at p. 2). Plaintiffs filed a Complaint against Defendants requesting an injunction, statutory damages, costs, and reasonable attorney's fees. (Doc. 1). Plaintiffs identified six individual works which they claim that Defendants publicly performed without a license. Plaintiffs also filed an Amended Complaint.

---

[1] Broadcast Music, Inc.; Dynatone Publishing Company; Amazement Music; Unichappell Music Inc.; Springtime Music, Inc.; Interior Music Corp.; Hip City Music Inc.; Hifrost Publishing.

[2] Coco Bongo Inc. D/B/A Downtown Daiquiri Lounge A/K/A Ruffins Downtown Daiquiri Lounge; Lloyd Ruffins, individually.

(Doc. 4). Defendants failed to respond to either of Plaintiffs' Complaints. Plaintiffs were granted a Clerk's entry of default. (Doc. 14). Now, Plaintiffs move for default judgment against Defendants. (Doc. 16).

## II. LEGAL STANDARD

The United States Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *New York Life*, 84 F.3d at 141. Third, a party may apply to the court for a default judgment after an entry of default. *Id.*; Fed. R. Civ. P. 55(b).

After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including: (1) whether there are material issues of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

2

Second, the Court must assess the merits of the plaintiff's claims and determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

## III. DISCUSSION

### A. Default Judgment is Appropriate Under the *Lindsey* Factors

The Court must first decide whether the entry of default judgment is appropriate under the circumstances by considering the *Lindsey* factors. First, there are no material facts in dispute because Defendants failed to respond to Plaintiffs' Complaints. Second, it is undisputed that Defendants have not responded to Plaintiffs' filings. Third, the grounds for granting a default judgment against Defendants are clearly established, as evidenced by the action's procedural history and the Clerk's entry of default. Fourth, the Court has no basis to find that Defendants' failure to respond was the result of a good faith mistake or excusable neglect because Defendants have not challenged the entry of default or the instant motion. Fifth, Defendants' failure to file any responsive pleading or motion mitigates the harshness of a default judgment. Finally, the Court is not aware of any facts that would lead it to set aside the default judgment if challenged by Defendants. The Court therefore finds that the six *Lindsey* factors weigh in favor of default.

### B. The Sufficiency of the Pleadings

The Court must also determine whether Plaintiffs' pleadings provide a sufficient basis for a default judgement. Plaintiffs sued Defendants for copyright

infringement under the Copyright Act.[3] To prevail on a copyright infringement claim, a plaintiff must establish: 1) ownership of a valid copyright, 2) unauthorized copying, and 3) substantial similarity to the copyrighted work. *Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001).

Here, Plaintiffs allege that they have been granted the right to license the rights in 14 million musical compositions. (Doc. 1 at p. 2). Plaintiffs also allege that Defendants publicly perform copyrighted music in Plaintiffs' repertoire without previously having purchased the license to do so. (*Id.* at p. 4). Therefore, Plaintiffs have demonstrated a sufficient basis for default on its copyright infringement claims. Plaintiffs' motion for default judgment is granted.

## IV. REQUESTED RELIEF

### A. Injunctive Relief

Plaintiffs request that the Court enjoin Defendants from infringing on any of the copyrighted music licensed by Plaintiffs pursuant to 17 U.S.C. § 502, which empowers the court to grant temporary and final injunctions on such terms as it may deem reasonable to prevent infringement of a copyright. To obtain an injunction, the moving party must establish four factors: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the

---

[3] 17 U.S.C. § 101 *et seq.*

4

injunction may cause the opposing party, and (4) the injunction will not disserve the public interest. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991).

Plaintiffs allege that they are the owners of the copyrighted music, and that they suffered and continue to suffer irreparable harm due to Defendants' unlicensed performances of Plaintiffs' copyrighted materials. (Doc. 4 at p. 5). When a defendant defaults, the facts alleged in the pleadings are assumed to be true. *Nishimatsu Const. Co.*, 515 F.2d at 1206. However, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." (*Id.*). Plaintiffs only addressed the "irreparable harm" factor for injunctive relief. Therefore, because Plaintiffs have not pleaded a cognizable claim for injunctive relief, such relief is denied without prejudice.

### B. Applicable Damages

Plaintiffs seek $4,537.50 in statutory damages for each of the six songs Plaintiffs identified as having been unlawfully performed, totaling $27,225. (Doc. 16-5 at p. 2). 17 U.S.C. § 504 states that one who violates a copyright is liable for either the copyright owner's actual damages or statutory damages. 17 U.S.C. § 504(a). Concerning statutory damages, 17 U.S.C. § 504(c)(1) and (2) provide in relevant part:

> Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just . . . In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in

5

its discretion may increase the award of statutory damages to a sum of not more than $150,000.

Courts have employed a number of different methods to determine a "just" amount of statutory damages, including imposing a "flat, sum for damages" or a calculated sum based on the number of patrons in the defendant's establishment at the time of the violation. *J&J Sports Prods., Inc. v. KCK Holdings*, 2015 WL 4656714, at *5 (M.D. La. Aug. 5, 2015) (citations omitted). Courts have also imposed damages in an amount equal to the appropriate sublicensing fee for the establishment, but it has been noted that such a penalty may not deter future violations. *Id.* (citations omitted). The Court's goal is to balance the financial burden that a significant damages award will place on Defendants with Plaintiffs' financial harm, the policy and enforcement considerations behind preventing piracy, and the importance of deterrence. *Id.* (citing *Joe Hand Promotions, Inc. v. Trenchard*, 2014 WL 854537 (D.Conn. Mar. 3, 2014)).

The Court finds that statutory damages in an amount three times what the licensing fee would have been is "just" under the circumstances in this case. *See id.* Here, Plaintiffs have established that Defendants willfully ignored approximately thirty requests to pay the licensing fees. Therefore, due to Defendants' willful disregard of their obligations to license the music they used, the Court finds an award of statutory damages in the sum of $27,225.00 to be just.

## C. Attorney's Fees and Costs

Plaintiffs seek attorney's fees of $4,262.50 and $504.80 in costs. (Doc. 16-4 at p. 2). Under 17 U.S.C. § 505, courts have the discretion to grant the prevailing party

reasonable attorney's fees and costs. Courts use a two-step process to calculate reasonable attorney's fees. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). First, the Court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. *Id.* Second, the Court considers whether the lodestar should be adjusted upward or downward depending on the circumstances of the case, using twelve factors.[4] *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours expended and the hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Plaintiffs submitted a detailed affidavit indicating that their attorney billed 16.1 hours at a rate of $250 per hour, and that their attorney's paralegal spent 1.9 hours on this matter and billed at a rate of $125 per hour. (Doc. 16-4 at p. 1). Thus, the total requested in attorney's fees is $4,262.50. The Court finds that these fees are reasonable and that no upward or downward adjustment is necessary. Furthermore, the Court finds that Plaintiffs are entitled to recovery of the costs of this litigation. Having considered the Declaration of Mark A. Balkin in Support of Attorney's Fees and Costs (Doc. 16-4) and finding that such declaration meets the criteria set forth in Local Rule 54(c), Plaintiffs' request for costs in the amount of $504.80 is granted.

---

[4] "The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Migis*, 135 F. 3d at 1047.

## D. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Default Judgment (Doc. 16)** filed by Plaintiffs is **GRANTED**.

**IT IS FURTHER ORDERED** that an award of statutory damages is hereby entered in favor of Plaintiffs against Defendants in the amount of $27,225.00, plus interest pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** that an award of attorney's fees is hereby entered in favor of Plaintiffs in the amount of $4,262.50, plus interest from the date of this judgment pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded costs in the amount of $504.80, plus interest from the date of this judgment pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** that Plaintiffs' request that Defendants be permanently enjoined from infringing, in any manner, the copyrighted musical compositions licensed by Plaintiffs is **DENIED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 9th day of December, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA